15 MAR 12 PM 3:19

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAY MAMELLI, SR. (2),<br><br>Defendant. | Case No. 14cr1766-WQH<br><br>ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant, MICHAEL JAY MAMELLI, SR. (2) ("Defendant"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which property constitutes or is derived from proceeds of the offenses of conviction, 42 U.S.C. § 300h-2 (b)(2); and

WHEREAS, on or about November 19, 2014, Defendant pled guilty before Magistrate Judge Nita L. Stormes to Count 1 of the Indictment, which plea included a consent to the forfeiture allegations of the Indictment and an agreement to entry of a $50,000.00 judgment against the Defendant in favor of the United States; and

WHEREAS, on December 11, 2014 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $50,000.00 (U.S. dollars)

1 | represents the proceeds the Defendant obtained directly or indirectly as a result of the
2 | violation of 42 U.S.C. § 300h-2 (b)(2), as charged in the Indictment; and

3 |     WHEREAS, by virtue of said guilty plea and the Court's findings, the
4 | United States is now entitled to an Order of Forfeiture and a judgment in its favor
5 | against the Defendant in the amount of $50,000.00, pursuant to 18 U.S.C.
6 | § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853 and Rule 32.2(b) of the Federal
7 | Rules of Criminal Procedure; and

8 |     WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
9 | addendum, the United States has established the requisite nexus between the
10 | $50,000.00 judgment and the offense; and

11 |     WHEREAS, Defendant has agreed to pay the $50,000.00 and to execute any
12 | and all documents requested by the Government to facilitate or complete the
13 | forfeiture process(es), and Defendant has further agreed not to contest or to assist any
14 | other person or entity in contesting the forfeiture of the property(ies) seized or
15 | proceeds ordered forfeited in connection with this case; and

16 |     WHEREAS, Defendant shall be jointly and severally liable with co-defendant
17 | Glamis Dunes Storage, Inc. (1) for this $50,000.00 money judgment; and

18 |     WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required
19 | to the extent that the forfeiture consists of a money judgment;" and

20 |     WHEREAS, the United States, having submitted the Order herein to the
21 | Defendant through his attorney of record, to review, and no objections having been
22 | received;

23 |     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

24 |     1.    Defendant MICHAEL JAY MAMELLI, SR. (2) shall forfeit to the
25 | United States the sum of $50,000.00 pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C.
26 | § 2461(c), 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal
27 | Procedure.
28 | //

2. Judgment shall be entered in favor of the United States against Defendant MICHAEL JAY MAMELLI, SR. (2) in the amount of $50,000.00, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

3. Defendant shall pay the $50,000.00 and execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant shall not contest or assist any other person or entity in contesting the forfeiture of the property(ies) seized or proceeds ordered forfeited in connection with this case.

4. Defendant shall be jointly and severally liable with co-defendant Glamis Dunes Storage, Inc. (1) for the $50,000.00 money judgment.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

6. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

7. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

8. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $50,000.00 to satisfy the money judgment in whole or in part.

9. The United States may take any and all actions available to it to collect and enforce the judgment.

**IT IS SO ORDERED.**

DATED: 3/12/15

WILLIAM Q. HAYES, Judge
United States District Court